RECEIVED
USDC, CLERK, CHARLESTON, SC

2008 MAR 31 P 1:31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Davison, #229640, ) | C. A. No. 2:07-3658-TLW-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of ) | |
| Corrections, K. Hill; Bernard ) | |
| McKie; Lt. McGraw (Wilbert); ) | |
| J.C. Brown; Cptn. Poulin ) | |
| (Cassandra); Major Ferrart; ) | |
| Henry Deloach; and John/Jane ) | |
| Doe, ) | |
| ) | |
| Defendants. ) | |

This case brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant South Carolina Department of Corrections' (SCDC) motion to dismiss and the plaintiff's motions to strike portions of the defendant South Carolina Department of Corrections' (SCDC) answer, and for a preliminary injunction. 28 U.S.C. § 636(b).

The plaintiff, Michael E. Davison, brought this action on August 1, 2007, originally in the Court of Common Pleas of Richland County. Defendants timely removed the action to this court based upon Plaintiff's assertion that the defendants violated his rights protected by the United States Constitution. The defendant SCDC answered the complaint on November 8, 2007.

1

On January 25, 2008, SCDC filed a motion to dismiss the complaint on immunity grounds. On January 28, 2008, Plaintiff was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed an opposition to the motion on February 5, 2008. Hence, it appears consideration of the motion is appropriate.

A review of the record and relevant case law reveals that SCDC's motion should be granted and the Plaintiff's motions be denied.

In Plaintiff's opposition to SCDC's motion, Davison indicates that he is not suing the SCDC under any federal law, including the civil rights laws. He agrees that if he were suing SCDC under 42 U.S.C. § 1983, it would be entitled to dismissal on grounds of immunity. However, he contends that he is suing SCDC for violations of the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. §§ 15-78-70 <u>et</u>. <u>seq</u>. He explained that he is seeking redress from the other defendants under federal civil rights statutes.

SCDC is nonetheless subject to dismissal because the SCTCA specifically reserved South Carolina's Eleventh Amendment immunity from suit in federal court. S.C. Code Ann. § 15-78-

20(e); see also, Kentucky v. Graham, 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3104-3105, 87 L.Ed.2d 114 (1985); Monell v. Dept. of Soc. Serv. of City of New York, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978). The motion should be granted.

Next, Plaintiff filed a motion for a preliminary injunction on January 2, 2008, directed solely at SCDC. Again, SCDC has immunity from suit in this court regardless of the nature of the relief sought. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996); see also, Vermont Agency of Natural Resources v. United States, 529 U.S. 1858 (2000). Simply put, the Eleventh Amendment is a limit on federal courts' jurisdiction. California v. Deep Sea Research, Inc., 523 U.S. 491, 501 (1998). That motion should be denied for want of jurisdiction.

On November 21, 2007, Plaintiff filed a motion to strike portions of SCDC's answer. As it appears that SCDC should be dismissed from the action on immunity grounds, the motion to strike should be denied as moot.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended the SCDC's motion to dismiss be granted, and the

plaintiff's motions for a preliminary injunction and to strike portions of the defendant's answer should be denied.

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March_31, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).