IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Davison, #229640, | ) | C.A. No. 2:07-3658-TLW-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by the United States Magistrate Judge, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, the Magistrate Judge recommends that defendant South Carolina Department of Correction's motion to dismiss be granted. (Doc. # 20). Additionally, the Report recommends that the plaintiff's motion for preliminary injunction and motion to strike portions of SCDC's answer be denied. Plaintiff has filed objections to the Report. (Doc. # 45).

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. After a careful review of the file, and the cases of Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613 (2002) and Stewart v. State of North Carolina, 393 F.3d 484 (2005), the Court is not sufficiently persuaded that the South Carolina Department of Corrections should be dismissed at this time. While the Court recognizes that Eleventh Amendment immunity may be decided as early as a Rule 12 motion, the arguments set forth in the defendant's brief, absent any mention of Lapides or Stewart, are insufficient to enable the Court to conclude that Eleventh Amendment immunity requires dismissal at this stage of the litigation. Based on the filings provided, the Court is not prepared to conclude that the defendant's Rule 12 motion should be granted. Accordingly, the Court chooses not to accept the Report for the reasons set forth herein.

**IT IS SO ORDERED.**

   s/ Terry L. Wooten  
**TERRY L. WOOTEN**  
**UNITED STATES DISTRICT JUDGE**

August 18, 2008  
Florence, South Carolina